Plaintiff-appellant Angela Purnell appeals from a judgment and decree of divorce. Ms. Purnell contends that the trial court erred by setting off $17,247.00 of the parties' total equity in the home as defendant-appellee Galen Purnell's separate property. We conclude that the trial court correctly determined that this was Mr. Purnell's separate property. Accordingly, the judgment of the trial court is Affirmed.
 I
The Purnells were married in February, 1994. They initially resided in Union City, Ohio, in a mobile home which they mutually selected, but which was purchased with Mr. Purnell's parents' funds prior to the marriage. In June, 1996, the trailer was moved to a 17-acre tract located in Ansonia. This tract was previously owned by Mr. Purnell's aunt, and was purchased, for the sum of $17,247.00, with funds provided by Mr. Purnell's grandfather, Cecil Warrell. The deed to the property was prepared by Cecil Warrell's attorney, and listed the grantees as "Galen Purnell, Jr. and Angela N. Purnell, Husband and Wife." Mr. Purnell had expressed his desire that the deed be made out to himself and his wife, jointly.
In the judgment and decree of divorce, Mr. Purnell was awarded the parties' equity in the residential property at the time it was acquired, but the increase in the value of the property resulting from improvements during the marriage was treated as marital property, subject to division between the parties.
From the judgment and decree of divorce, Ms. Purnell appeals.
 II
Ms. Purnell's sole Assignment of Error is as follows:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONCLUDING THAT THE REAL ESTATE OF THE PARTIES WAS THE NON-MARITAL PROPERTY OF APPELLEE.
The magistrate based her conclusion, which the trial court approved over Ms. Purnell's objections, upon the fact that the real property was acquired from Mr. Purnell's aunt, apparently at considerably less than fair market value, using funds constituting a gift from Mr. Purnell's grandfather. Ms. Purnell objects that because the title to the property was made out in the names of the spouses, jointly, it should have been regarded as entirely marital property.
In overruling Ms. Purnell's objections, the trial court concluded that the mere fact that the property was jointly titled was insufficient evidence to find that it was marital in character. This follows from R.C. 3105.171(H).
Ms. Purnell argues, however, that the use of the property as a marital residence, and an implied intent of the part of Warrell, Mr. Purnell's grandfather, to bring his gift within the $10,000.00 annual exclusion for federal gift tax purposes, support a conclusion that the gift of the purchase price was intended to be a gift to both parties. We disagree.
There appears to be no evidence in the record to support the conclusion that Warrell intended to bring the gift within the $10,000.00 annual exclusion from federal gift tax; indeed, to the contrary, Warrell testified that his gift of the purchase money was an advancement of an inheritance, and there is no evidence to indicate that Warrell is in any danger of exceeding the $600,000.00 lifetime exemption from federal estate tax.
Furthermore, the mere fact that the property is used jointly, without more, is insufficient to support a finding that it has been transmuted into marital property. James v. James (1995),101 Ohio App.3d 668, 684-685. By statute, any gift of real property made during the parties' marriage remains separate property, even if commingled, so long as it remains traceable. R.C.3105.171(A)(6)(a)(vii)(b).
We conclude that the trial court did not abuse its discretion in finding that the residential real estate was Mr. Purnell's separate property, except for improvements made to the real estate during the marriage. Ms. Purnell's sole Assignment of Error is overruled.
 III
Ms. Purnell's sole Assignment of Error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
Jonathan P. Hein
Lee E. Fry
Hon. Lee Bixler